THOMAS BROOKS and WILLIAM W. BROOKS

*vs.*

WILLIAM SILVER, WILLIAM W. C. BROOKS, and JAMES ARMSTRONG, Sheriff of New Castle County.

New Castle, Sept. T. 1874.

*Assignment of bond; usury; proof required to support an allegation denied by a responsive answer.*

1. A bill to avoid a bond executed by complainants to one B alleged that they executed it without consideration, to enable B to obtain a loan from the defendant S, and supposing that B was a co-obligor therein; and also alleged that B had assigned the bond to S for an usurious consideration, and that B was insolvent. The answer of S denied the allegation of usury. *Held*, that the material question was whether the defendant S took an assignment of the bond on a usurious consideration; and that, the allegation of usury in the bill having been denied in the answer, the testimony of one witness on behalf of the complainants, without corroborating circumstances, was not sufficient to maintain the allegation.

2. It is a settled rule of equity evidence that, when a defendant answers responsively and in denial a material statement of the bill, the complainant must support his statement by the testimony of two witnesses, or of one witness and such corroborating circumstances as will in effect amount to the testimony of an additional witness.

BILL TO AVOID A BOND AND TO RESTRAIN THE COLLECTION OF A JUDGMENT ENTERED THEREON.—The bill states that the complainants on the 6th of April, 1870, executed a bond with warrant of attorney for the confession of judgment for the

payment of $2,000 to William W. C. Brooks, one of the defendants, believing, at the time they signed said bond, that the same was also signed by the said William W. C. Brooks as an obligor, and that William Silver was the obligee therein. The complainants state that William W. C. Brooks, the son of one, and the nephew of the other, requested them to become his securities to said Silver in the sum of $2,000, which Silver had promised to loan him to aid him in his business of merchandising; that they agreed to become his sureties, and believed, at the time they signed the bond, that it was the bond of William W. C. Brooks and themselves to the said Silver for that amount. They also state that William W. C. Brooks, on the same day, assigned the said bond to the said Silver, who on April 23, 1870, caused judgment to be entered thereon against the complainants, and has caused execution to be issued thereon, for the collection of the amount thereof. They also state that they were not, and that neither of them, at the date of said bond, nor since, was indebted to the said William W. C. Brooks in the said sum of $2,000, or in any sum of money; and that neither one of them ever received, directly or indirectly, any part, portion, sum, or share of the money loaned or advanced on said bond by William Silver to said William W. C. Brooks; but that whatever sum was so loaned or advanced was retained and kept by said William W. C. Brooks for his own individual use and benefit. They charge that the said Silver only loaned or advanced to said William W. C. Brooks the sum of $1,760 as the consideration for the assignment to him of said bond, conditioned for the payment of $2,000, and that therefore the said William Silver, knowingly, directly, illegally, and usuriously took from said William W. C. Brooks, on the bond of the complainants for the loan or use of money, more than $6 for the use of $100 for one year, and that the said loan or advance is consequently usurious and illegal. They also state that William W. C. Brooks failed in business in Wilmington, removed to the city of Baltimore, is utterly insolvent and unable to pay his debts.

The bill prays that the said bond may be declared illegal and void for usury, and that the defendant William Silver may be decreed to enter satisfaction of the judgment entered upon said bond, and that he be perpetually restrained from collecting or attempting to collect the same by any and all execution process to be issued thereon.

William W. C. Brooks has not answered the bill of complaint, but, being released by the complainants from liability to them, has been made a witness in their behalf. The answer of William Silver is responsive to the statement of the bill, and in denial of all the charges therein material to a proper decision of the cause. He denies that there was any usury in respect to the transfer of the bond or the consideration therefor. He declares, in his answer, "that the consideration given by him to the said William W. C. Brooks for the bond, so as aforesaid assigned to him, was the full sum of $2,000 ; part of which $2,000 was in cash, part in check or checks, and the residue in negotiable paper."

*William G. Whiteley,* for the complainants.

*Charles B. Lore,* for the defendants :

It is an invariable rule in equity that where the defendant in express terms negatives the allegations of the bill, and the evidence is only of one person affirming as a witness what has been so negatived, the court will neither make a decree, nor send the case to be tried at law, but will simply dismiss the bill. 2 Story, Eq. § 1528, and cases cited in notes 2, 3 ; *Pember* v. *Mathers,* 1 Bro. Ch. 52 ; *Walton* v. *Hobbs,* 2 Atk. 19 ; *Janson* v. *Rany,* Id. 140 ; *Cooth* v. *Jackson,* 6 Ves. 40 ; *Arnot* v. *Biscoe,* 1 Ves. 97 ; *East India Co.* v. *Donald,* 9 Ves. 275, 283 ; *Pilling* v. *Armitage,* 12 Ves. 78 ; *Cooke* v. *Clayworth,* 18 Ves. 12 ; *Savage* v. *Brocksopp,* Id. 335 ; *Clark* v. *Van Reimsdyk,* 13 U. S. 9 Cranch, 160 (3 L. ed. 690) ; *Smith* v. *Brush,* 1 Johns. Ch. 459, 462.

THE CHANCELLOR.—The only material question in this

cause is, Did William Silver take an assignment of said bond upon a usurious consideration?

The evidence of William W. C. Brooks, after stating in what manner the consideration for the assignment was paid to him, says: "The sum of $1,760 was all that I received, and in the manner above stated, as the consideration of my assignment to him of the aforesaid bond of the complainants." He also says that the complainants received no portion of the money advanced to him as the consideration for the assignment. His evidence in all respects sustains the statements in the complainants' bill.

The complainants offer no other evidence in support of the charge of usury, and the general character of this witness for veracity is to some extent impugned, and some of his testimony in relation to matters relative to the negotiation and representations made at the time of assignment are contradicted, by witnesses in behalf of Silver.

James Fletcher, a witness in behalf of the defendant Silver, swears that he was present at the time said assignment was made, and that Silver gave to William W. C. Brooks, as consideration for said transfer or assignment, a check for $1,000, also $760 in bank notes, and a note of said William W. C. Brooks, held by said William Silver, for $240. There is no proof what was the consideration of the last note; and in absence of any proof that it was given without consideration, and for the purpose of making the assignment appear not to be usurious, I cannot presume what is not proved.

Joseph E. Booth, who was present during a part of the time at which the assignment was made and the negotiation therefor had, says that he knows of the transfer and assignment; he also swears as follows: "I do not know what was advanced or paid by the said William Silver to the said William W. C. Brooks as consideration for said transfer or assignment. I cannot give the amount and items of payment; they are not in my knowledge. At the time of said transfer or assignment, the said William Silver handed to said William W. C. Brooks a paper, saying: 'This and the other will make it

right,'—and said Brooks answered, 'Yes.' I was not present at the commencement of the transaction, but only at the close of it."

It is a settled rule of equity evidence that when a defendant answers responsively and in denial a material statement of the complainants' bill, the complainant must support his statement by the testimony of two witnesses, or of one witness and such corroborating circumstances as will, in effect, amount to the testimony of an additional witness.

The complainants have not furnished such proof in this cause; in fact the preponderance of proof supports the answer of the defendant.

The bill is therefore dismissed, and the complainants must pay the costs in three months, or attachment.